# WHITE v. AMERICAN MAIL LINE, Limited.

## No. 2004.

United States District Court
W. D. Washington, N. D.

Nov. 14, 1949.

Plaintiff, chief steward on defendant's S. S. Ocean Mail, on the 12th day of March, 1948, in navigable waters at Portland, Oregon, while in the course of plaintiff's employment in discharging soiled ship's messroom linen, fell through the open hatch space caused by missing hatch boards at the No. 3 sheltered deck hatch and sustained a fractured skull and injuries to his brain tissue and other injuries, for which

he sought recovery on his first cause of action in the sum of $100,000, and for the reasonable cost of his maintenance and cure he sought recovery on his second cause of action in the further sum of $6480.

In its answer, defendant denied negligence on its own part, and, as defenses against plaintiff's first cause of action, alleged affirmatively that as plaintiff was Chief Steward of said vessel, he was on behalf of the owner and operator of the vessel the person charged with the duty of furnishing a safe place to work, and that, therefore, he could not recover from defendant; that such injuries were caused by risks normally assumed by men following the sea and sailing in the capacity of Chief Steward; that plaintiff's injuries were caused by his own negligence in unnecessarily choosing as a work area a portion of the vessel taken over by stevedores who necessarily at the time had certain openings in the various hatches; and that plaintiff's injuries were caused by his own negligence in "walking backwards on an open hatch", and in failure to take proper precautions for his own safety.

In its answer, defendant denied all the allegations in plaintiff's second cause of action for recovery of the reasonable cost of his maintenance and cure.

The trial resulted in a jury's verdict for plaintiff for $42,500 on his first cause of action and for $6400 on his second cause of action. Thereupon, defendant moved for a new trial upon the grounds of excessive verdict and improper instructions.

Levinson & Friedman, Seattle, Wash., for plaintiff.

Bogle, Bogle & Gates, Seattle, Wash., for defendant.

BOWEN, Chief Judge.

■ First taking up the second cause of action, if I had been the fact finder instead of the jury, I possibly would not have awarded as great a sum on that cause of action as did the jury. However, what the jury did respecting that cause of action was within the limits of the evidence and within the limits of the Court's instructions. The verdict on the second cause of action is legal in amount and should not be disturbed.

■ As to the first cause of action, the Court has carefully considered this matter since the time of the return of the jury's verdict, and while the verdict on the first cause of action is larger than some of the verdicts and awards given in this court in other cases, I am not aware of any case where the bone injury to the skull and the physical injuries to the brain were as great as they were so convincingly proved to be in this case.

I have heard it said many times that it is not a test of reasonableness of amount of award that the attorney in the case or the trial judge would not willingly suffer the same injury in return for the same amount awarded in the verdict, but it is impossible for one to overlook the gruesome fact in this case that, because of the initial extensive skull bone fracture and of the post-accident widening of the long aperture in the skull along the fracture line due to the apparent absorption of bony matter on each side of the fracture line, the plaintiff has sustained a very great skull bone injury which has worsened since the time of the accident.

There is also convincing evidence that plaintiff sustained a bad brain injury, that the tissues of his brain were injured and destroyed, that he lay unconscious for a period of about 21 days, and that he honestly tried to resume his usual occupation of Chief Steward but that his experience in that connection showed convincingly that he could not properly attend to the duties of his former position, and that thereafter he had substantial periods of total disability.

The nature and extent of the injuries to plaintiff's skull bone and to his brain and nervous system and to his health as disclosed by the evidence convince the Court that the jury's verdict on the first cause of action was not excessive.

■ As to the claimed error in the Court's instructions, although the Court's action complained of by counsel was taken by way of correction by the Court of a previously given instruction to the jury,

906

and such correction was made while the jury was temporarily excused to allow counsel to note exceptions in the absence of the jury, nevertheless, the Court gave full and thorough consideration to the matter at that time. The Court is satisfied that in view of the evidence in this particular case, the instruction in its corrected form was proper. The subject of the correction was argued or could have been argued to the jury.

The motion for new trial is denied.